IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | Case No. 09 C 7587 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| JULIUS STATHAM, ) | |
| ) | |
| Defendant-Petitioner. ) | |

**MEMORANDUM OPINION AND ORDER**

Julius Statham ("Statham"), incarcerated in federal prison in Memphis, Tennessee, filed a petition under 28 U.S.C. § 2255 to vacate, or, in the alternative, set aside or correct his sentence for conspiring to illegally transport guns from Mississippi to Chicago and sell them to convicted felons. Statham raises three grounds in his petition: (1) the Court misapplied the sentencing guidelines, (2) he did not plea guilty knowingly, voluntarily and intelligently, and (3) he received ineffective assistance of counsel prior to and during his sentencing. For the reasons below, the Court denies his petition.

**I.     Relevant Procedural History**

On March 5, 2008, Statham pled guilty to participating in a conspiracy to (1) transport guns purchased in Mississippi to others who Statham knew were not Mississippi residents, and (2) sell those guns to convicted felons in Chicago. Three months later, the Court sentenced Statham, using the 2004 United States Sentencing Guidelines manual ("2004 Manual"), not the 2007 version then in effect. The Court explained that it used the 2004 Manual because another district court sentenced related defendants and Statham's co-conspirators using the more defendant-friendly 2004 Manual

because "all of these individuals were arrested ... as part of the same investigation." (Sentencing Tr. 105.) Specifically, over the Government's objection, the Court was concerned that using the later manual would create "a disparity between the sentences" and "opted to discretionarily apply what is an easier guideline manual." (*Id.* at 104-05.)

Over Statham's objection, the Court counted three prior convictions separately for purposes of calculating his criminal history score, finding that though he happened to be sentenced on the same day for all three, they were unrelated. (*Id.* at 123-25.) The Court determined that Statham belonged in criminal history category VI, and the resulting guidelines range was 63-78 months. (*Id.* at 130.) Noting that the statutory maximum sentence for Statham's crimes was 60 months, the Court imposed a 60 month sentence, running consecutively with an undischarged drug-trafficking case. (*Id.* at 152.)

Statham appealed on multiple grounds, challenging (1) the Court's finding that his offense involved more than 24 guns and some of the guns had their serial numbers obliterated, (2) the Court's separate treatment of his three previous convictions, and (3) the length of his sentence, asserting it should not have been longer than his co-conspirators or run consecutively to the sentence in his drug trafficking case. The Seventh Circuit affirmed on all points. *See United States v. Statham*, 581 F.3d 548 (7th Cir. 2009).

## II. Standard of Review

Section 2255 allows a person convicted of a federal crime to move the district court that imposed his sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. Such relief is only available in cases where there have been jurisdictional or constitutional errors, or where there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F. 3d 593, 594 (7th Cir.

2004). If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then no further action is warranted. 28 U.S.C. § 2255(b). However, if the Court determines that the sentence was entered without jurisdiction, or was "not authorized by law or otherwise open to collateral attack," or was imposed in a manner that violated the petitioner's constitutional rights, then the Court should "vacate and set the judgment aside [as well as] discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.*

### III. Discussion

#### A. Misapplication of the Sentencing Guidelines.

Statham asserts two problems with how the Court applied the sentencing guidelines. First, according to Statham, the Court should have considered three of his prior convictions (for which he was sentenced on the same day) as one conviction for purposes of calculating his criminal history score. (Memo. at 4-9.) He asserts that had the Court used the 2004 Manual instead of the 2007 Manual, he would have had a lower criminal history score. (*Id.*) Second, citing 18 U.S.C. § 3282, he argues that the Court should have sentenced him only on his conduct in the five years before the indictment. (Memo. 9-11.)

There are three fatal problems with Statham's argument regarding the Court's treatment of Statham's three prior convictions. First, the Seventh Circuit rejected the same argument on direct appeal.[1] The Court will not revisit it in now. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (holding a "Section 2255 motion is neither a recapitulation of nor a substitute for a direct

---

[1] Statham belatedly raises the concurrent versus consecutive sentence issue in his reply brief. (*See* Doc. 11.) He raised this issue, unsuccessfully, on appeal and the Court will not consider it again. *See Statham*, 581 F.3d at 555.

appeal . . .the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings."). Second, because Statham's challenge of the Court's application of the sentencing guidelines is not a constitutional claim, it cannot be addressed in a § 2255 petition. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (noting a § 2255 petition is "rarely if ever the proper vehicle by which to challenge the application of a Sentencing Guideline provision").

Third, Statham's factual assumption is mistaken - the Court used the 2004 Manual, not the 2007 Manual. Setting that aside, under either manual, the treatment of the convictions at issue would have been the same. The 2004 Manual stated "prior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4 A 1.2(a)(2). Application Note 3 to that section of the 2004 Manual is more specific, stating, "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4 A 1.2(a)(2), Application Note 3; *see also United States v. Best*, 250 F.3d 1084, 1094 (7th Cir. 2001) (applying Note 3). The 2007 Manual reflects Amendment 709, which altered § 4 A 1.2(a)(2) to read, in part, "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4 A 1.2(a)(2) (2007). In effect, Amendment 709 adopted the reasoning of *Best*. *See Statham*, 581 F.3d at 555 (holding "[w]hile the Sentencing Commission revised Application Note 3 in Amendment 709, the logic of *Best* remains compelling.") As the Court noted in detail at the sentencing hearing, the three crimes for which Statham was sentenced on August 6, 1996 were separated by intervening arrests and unrelated: one was for a burglary, the second was for was a theft and unlawful possession of a firearm by a felon, and the third was for drug possession. Consequently, under either sentencing manual—2004 together with *Best* or 2007

alone—the Court would have treated Statham's convictions the same way and Statham would have qualified for the same criminal history category.

When sentencing Statham, the Court could consider relevant conduct that occurred before March 1, 2002, five years before he was indicted for conspiracy. Though an offense is "committed" for § 3282 purposes when all elements of the offense have been met, continuing offenses, like conspiracies, are excepted. *See United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (noting a conspiracy is a "classic example of a continuing offense."). It is settled that "[t]he government is not required to prove any overt acts with regard to a particular defendant withing the limitations period; instead, the government is required to prove that the conspiracy existed into the limitations period and that the defendants did not withdraw before that period." *United States v. Curry*, 977 F.2d 1042, 1058 (7th Cir. 1992); *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957) (noting "the crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement"). At the sentencing hearing, Statham's co-conspirator, Roy Christopher Blunt, testified that he had participated in a conspiracy to transport guns to Chicago and sell them to Statham between 2000 and 2004. (Sentencing Tr. 57-58.) This testimony demonstrates that the conspiracy existed before March 1, 2002 and consequently, consideration of any relevant conduct before that date was not barred by the five-year statute of limitation.

### B. Statham's Guilty Plea

Statham asserts his guilty plea was not knowing, voluntary and intelligent because when he pled guilty, "[the] government offered no objection to the defendant's proffer that he was responsible for the illegal possession or transfer of between 3 and 7 firearms," as detailed in his plea declaration, but the Government "tricked" Statham by increasing the number of guns for which he was

5

responsible at the sentencing hearing. (Memo. at 15-16.) "A guilty pleas is voluntary when it is not induced by threats or misrepresentations and the defendants is made aware of the direct consequences of the plea . . . . A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges, and advised by competent counsel." *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755-56 (1970)).

Statham's plea declaration shows his understanding that the Government could present evidence of additional guns at the sentencing hearing. In that declaration, Statham stated,

> Mr. Statham understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, *including all matters in aggravation* and mitigation relevant to the issue of sentencing. Mr Statham further understands that he will be able to present evidence in mitigation at the time of sentencing. Mr Statham understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

(Plea Dec., Case No. 07 CR 92-1, Doc. 168 ¶¶ 11-12; emphasis added.)[2] Further, the Government's intention to present evidence of additional firearms was discussed at length at the plea hearing. Specifically, Statham offered his calculation of the offense level based on three to seven guns first in his plea declaration and again at the plea hearing. (*Id.* ¶ 7; Plea Tr. 12-13.) After confirming that calculation at the plea hearing in response to Judge Der-Yeghiayan's questions, Statham's counsel then stated, "the government is going to take a different view of all this." (*Id.*) Judge Der-Yeghiayan then noted, correctly, that "the government ha[s] the right to argue otherwise." (*Id.* at 13.) The Government then presented its calculation, specifically noting that "the government believes *it will show at sentencing that there were many more firearms than just three to seven*." (*Id.*; emphasis

---

[2] At the plea hearing, Judge Der-Yeghiayan, sitting in the Court's stead, confirmed with Statham that he had signed the plea declaration and discussed it with his attorney. (Plea Tr. 9-10.)

added.) The Government made it clear that it felt Statham belonged in Criminal History Category VI, not Category V as Statham's counsel had proposed minutes before. (*Id.* at 14.) Later, Statham's counsel again confirmed, correctly, that "[t]he government is obviously not bound to anything that I've submitted." (*Id.* at 14.) Finally, Judge Der-Yeghiayan told Statham that his guideline sentence range would not be determined until the Presentence Investigation Report was prepared by the probation office, that the guidelines were advisory, and that his sentence could be longer than he expected. (*Id.* at 16-17.) Statham stated that he understood these points and plead guilty. (*Id.* at 16-17, 24.) From his plea declaration and hearing alone, Statham had plenty of notice before he pled guilty that the Government was not bound to the number of guns he claimed in his plea declaration and that it could present evidence of additional guns at the sentencing.

    **C.**    **Ineffective Assistance of Counsel**

Finally, Statham asserts that he did not receive effective assistance of counsel because his lawyer: (1) failed to argue that the 2004 Guidelines should have been used to sentence him; (2) did not object to the criminal history score in the Presentence Investigation Report or the Government's presentation of evidence at sentencing that fell outside the five-year statute of limitation; and (3) did not "inquire[] as to the intentions of the Government" to present evidence of additional guns to increase his sentence. (Memo. at 11-15.) As to the third point, Statham also appears to assert that his lawyer misinformed him about what evidence the Government could present at the sentencing hearing and what the maximum sentence could be based on that evidence. (Memo. at 17.) Statham claims he was prejudiced by this alleged mis-information because the Government's burden of proof at trial regarding the number of guns was higher than at sentencing. (Memo. at 17-18.) According

7

to Statham, he would have taken his chances at trial if he knew the Government would present evidence of more guns than he admitted to in his plea declaration. (*Id.*)

To show he received ineffective assistance of counsel, Statham must demonstrate his attorney's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for his counsel's errors, the result of the case would have been different. *See Strickland v. Washington*, 566 U.S. 668, 688, 694 (1984) (holding that a court should be "highly deferential" to counsel when judging counsel's performance); *see also Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (noting "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies.") (internal citation omitted).

Statham has not shown he received ineffective assistance of counsel for many of the same reasons already detailed above. First, the Court used the 2004 Manual, a manual which contained guideline calculations more favorable to Statham, not the 2007 Manual. Second, it is settled law that the Government could present evidence of the conspiracy outside the five-year window before the indictment, so any objection by Statham's counsel would have been futile. Third, his lawyer objected to the criminal history calculation, arguing his convictions should be considered together, not separately, as well as on other grounds. (Sentencing Tr. 119-30.) Fourth, the record demonstrates that the Government made it clear it would present evidence of additional guns at the sentencing hearing, and that Statham's counsel (and Statham) knew the Government would do so. There was no need for Statham's counsel to ask the Government whether it would present additional evidence. Finally, Statham's plea declaration states that he knew the maximum penalty for the crime to which he was pleading guilty, and he was reminded of the maximum penalty at his plea hearing before he entered his guilty plea. (Plea Dec. ¶ 5; Plea Tr.11.)

Turning to Statham's prejudice argument, the Government did not need to prove Statham's conspiracy transported more than 25 guns at trial because the number of guns is not an element of conspiracy to violate § 922(a)(5) or (d)(1). *See* 18 U.S.C. § 922. Rather, proof of the number of guns involved is only necessary for the enhancement at sentencing, when the Government has a lower burden. *See United States v. Birk*, 453 F.3d 893, 899 (7th Cir. 2006) (explaining that at sentencing, "it is the government's burden to prove by a preponderance of the evidence the number of firearms involved in an offense.") Consequently, because the Government only needed to show Statham's conspiracy transported 25 or more guns at sentencing, not at trial, he was not prejudiced by difference in burdens at trial and at sentencing. Statham has not demonstrated either prong of the *Strickland* test for any of his assertions.

## III. Conclusion

For the foregoing reasons, the record of this case conclusively shows that Statham is entitled to no relief under § 2255, and the Court does not take the additional steps of holding a hearing and making findings of law and fact. *See* 28 U.S.C. § 2255(b). Statham's petition to vacate, set aside or correct his sentence is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 2, 2011

9